UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIRAM TORRES,

       Plaintiff,

–*against*–

WESTLEY D. BOYER, JR., EF
CORPORATION D/B/A WEST MOTOR
FREIGHT OF PA, *and* EVANS DELIVERY
COMPANY, INC.,

       Defendants.

**OPINION AND ORDER**

21-cv-7865 (ER)

RAMOS, D.J.:

  Hiram Torres brings this action against Defendants Westley D. Boyer, Jr. ("Boyer"), EF Corporation D/B/A West Motor Freight of PA ("EF"), and Evans Delivery Company, Inc. ("Evans"), alleging negligence in connection with a motor vehicle accident.  Pending before the Court is Torres' motion to remand the action to New York Supreme Court, Bronx County ("Bronx Supreme Court"), based on his intention to join a non-diverse plaintiff, Raymundo Morales.  Defendants oppose this motion, contending that it is time-barred under 28 U.S.C. § 1447(c) and otherwise inappropriate under 28 U.S.C. § 1447(e).  For the reasons set forth below, the motion is DENIED.

**I. FACTUAL AND PROCEDURAL HISTORY**

  **A.  The Dispute**

  On October 18, 2018, while traveling eastbound on I-278 in Queens, New York, Torres' car was hit by Defendants' vehicle, which was driven by Boyer.  Doc. 11-1 ¶¶ 28, 22.  The vehicle driven by Torres was owned by Maritza Sanchez.  Doc. 13 ¶ 1.  Raymundo Morales was a passenger in the car driven by Torres.  Doc. 11-4 ¶ 19.  All Defendants are citizens of Pennsylvania, and Torres is a citizen of New York.  Doc. 1 ¶¶

11–13, 15.  Torres claims to have sustained bodily injuries amounting to five million dollars.  Doc. 11-1 ¶ 30; Doc. 1-7 at 2.

### B. Procedural History

Torres filed this action in Bronx Supreme Court on October 19, 2020.  Doc. 11-1 at 1.[1]  But on September 21, 2021, Defendants removed the case to this Court.  Doc. 11-3 at 1.

On the next day, September 22, 2021, Morales filed an action against Defendants, Torres, and Maritza Sanchez in Bronx Supreme Court.  Doc. 11-4.  In that case, Boyer, EF, and Evans answered Morales' complaint on November 24, 2021.  Doc. 11-5.  And on January 25, 2022, Defendants filed a demand for a bill of particulars and initial discovery, including a request for Morales to be deposed and physically examined.  Doc. 11-6 at 6, 15, 17.

In the meantime, once Torres' case was removed to this Court, he filed a demand for a jury trial.  Doc. 5.  After several months of inactivity, on March 29, 2022, Torres sent the Court a letter advising that he intended to seek remand to Bronx Supreme Court.  Doc. 7.  Torres explained that in order to avoid duplicative testimony and inconsistent verdicts, he wanted to join the two cases in Bronx Supreme Court, as joining Morales here would destroy diversity.  *Id.* at 2.  On May 20, 2022, Torres filed the instant motion for remand.  Doc. 12.

## II.   LEGAL STANDARD

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for

---

[1] In the final page of Defendants' notice of removal, Defendants mention that the action was pending in New York Supreme Court, Orange County, not New York Supreme Court, Bronx County.  Doc. 1 at 6.  This appears to be a drafting error.  The notice of removal contained an exhibit that shows Torres' case was docketed in Supreme Court, Bronx County, as of October 21, 2020.  Doc. 1-5.

the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  According to the Second Circuit, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal citation omitted).  "Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  Therefore, the party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met. *Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

Where, as here, "removal is based on diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff(s) and defendant(s)." *Sons of the Revolution in New York Inc. v. Travelers Indem. Co. of Am.*, No. 14 Civ. 03303 (LGS), 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014).  Complete diversity existed at the time Defendants removed the action to this Court.  Doc. 1.  However, Torres seeks to remand this case to Bronx Supreme Court so that he may join a non-diverse plaintiff, Morales.  Doc. 11.  Consequently, Torres invokes § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Torres also invokes § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  § 1447(c).

**III.    DISCUSSION**

Torres argues that § 1447(e), which gives the Court "sound discretion" to determine whether a remand is appropriate, applies. *Moncion v. Infra–Metals Corp.*, No. 01 Civ. 11389 (RLE), 2002 WL 31834442, at *2 (S.D.N.Y. Dec. 18, 2002); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009); Doc. 13 at 2–3. Torres argues that the discretionary factors considered in *Kurtz v. Uber Techs., Inc.*, No. 21 Civ. 6188 (PAE), 2021 WL 4777973, at *3 (S.D.N.Y. Oct. 13, 2021),[2] warrant remand. Doc. 13 at 3. But because the Court finds that § 1447(e) does not apply and that Torres' motion is time-barred under § 1447(c), the Court need not consider his *Kurtz*-based arguments.

**A.  Section 1447(e)**

There is no dispute that complete diversity existed when Defendants removed the Torres action to this Court. Doc. 1. Nevertheless, Torres seeks to remand this action to Bronx Supreme Court so that it can be joined with Morales' case.[3] Doc. 13 at 2. Torres argues that under § 1447(e), the Court has the discretion to remand this case to Bronx Supreme Court for that purpose. *Id.* The Court has no such discretion in this case.

Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional *defendants* whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added).

The authority that § 1447(e) affords to trial courts—the discretion to decide whether to reject the joinder of a diversity-destroying defendant or remand the case to

---

[2] The discretionary factors considered in *Kurtz* are (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment.

[3] Defendants do not dispute that Morales' joinder would destroy diversity. Doc. 14.

4

state court—is limited to situations where the "plaintiff seeks to join additional *defendants*." *See* § 1447(e). The statute makes no mention of an option to join additional, diversity-destroying plaintiffs. *Id.* And "[a]s a matter of statutory construction, we presume that the legislature follows the principle of *expressio unius est exclusio alterius*—that is, 'mention of one impliedly excludes others.'" *Brennan-Centrella v. Ritz-Craft Corp. of Pennsylvania*, 942 F.3d 106, 111 (2d Cir. 2019) (quoting *Greene v. United States*, 79 F.3d 1348, 1355 (2d Cir. 1996)). The Second Circuit recognizes this limitation on § 1447(e). *Price v. J & H Marsh & McLennan, Inc.*, 493 F.3d 55, 61 (2d Cir. 2007) ("When Congress amended section 1447(c), it also created section 1447(e), permitting remand after post-removal joinder of a nondiverse defendant . . . ."); *id.* at 63 n.1 ("Because Champlain was joined as a plaintiff, not as a defendant, section 1447(e) does not apply in this case."); *see also Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 483 (D.C. Cir. 1996) ("[S]ection 1447(e), by its terms, applies only when '*the plaintiff* seeks to join additional defendants . . . .'") (quoting 18 U.S.C. § 1447(e)) (emphasis in original).

Despite this clear limitation to § 1447(e), Torres points to *Mensah v. World Truck Corp.* for support. *Mensah* involved a motion to remand an action after the plaintiff in that case sought to add additional plaintiffs under § 1447(e). 210 F. Supp. 2d 320, 321 (S.D.N.Y. 2002). But that case does not change the text of § 1447(e), which is clearly limited to situations where a party seeks to join defendants. *Kurtz*, 2021 WL 4777973, at *4 (noting that there are cases that do not "strictly satisfy § 1447(e)" but ultimately rejecting the plaintiff's motion to remand). Indeed, *Mensah* is quite different from this case: the *Mensah* court rested its argument on the fact that both parties *consented* to remand—a crucial fact not present here. *Id.* at 322. With both parties consenting to remand, the court was free to consider the "interests of justice," noting the risk of

inconsistent and contradictory results and citing the cost to the parties and the judiciary if the cases were tried separately. *Id.* The authority relied on by *Mensah* illustrates that it is a case confined to its facts: *Mensah* cited a single case from a Pennsylvania district court—and that case involved the joinder of two *defendants* in the plaintiff's case. *Id.*; *Morze v. Southland Corp.*, 816 F. Supp. 369, 370 (E.D. Pa. 1993).[4]

### B. Section 1447(c)

In the alternative, Torres relies on § 1447(c). Doc. 13 at 2. But he fares no better there than he does under § 1447(e). Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). No subject matter jurisdiction defect exists here, as the parties are fully diverse and Torres met the amount in controversy requirement. Thus, Torres can only obtain remand under § 1447(c) by relying on a defect other than a lack of subject-matter jurisdiction. *See* § 1447(c).

Torres does not proffer such a defect in his briefing. Doc. 13; Doc. 15. But even if he did, his argument would be time-barred. The statute requires a motion within thirty days if the alleged defect is not that the court lacks subject-matter jurisdiction, and it provides no exceptions. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152–53 (2d Cir. 2021) ("Congress of course knew how to draft exceptions to the unanimity rule's thirty-day limitation. In fact, the removal statute itself permits some exceptions . . . . Congress thus contemplated certain minimal exceptions, implicitly rejecting others, and we lack the

---

[4] The cases cited by *Morze* further illustrate the tenuous nature of Torres' argument. Four of the cases *Morze* cited involved plaintiffs seeking to add defendants. *Carter v. Dover Corp., Rotary Lift Div.*, 753 F.Supp. 577 (E.D.Pa. 1991); *Grogan v. Babson Brothers Co.*, 101 F.R.D. 697, 700 (N.D.N.Y. 1984); *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 620 (S.D.N.Y. 1984); *Heininger v. Wecare Distributors, Inc.*, 706 F. Supp. 860, 861 (S.D. Fla. 1989). The fifth case *Morze* cited involved a remand based on the plaintiff's failure to meet the amount in controversy requirement for invoking diversity jurisdiction. *Zawacki v. Penpac, Inc.*, 745 F. Supp. 1044, 1045–46 (M.D. Pa. 1990).

'judicial discretion' to add exceptions that Congress omitted."); *Meeks v. City of Rochester*, No. 6:22 Civ. 6163 (EAW), 2022 WL 13789086, at *3 (W.D.N.Y. Oct. 24, 2022) ("[A]lthough the Second Circuit has not expressly opined on the matter, numerous federal courts have concluded that the thirty-day time limitation to file a notice of removal must be strictly construed, and is not subject to an extension by consent of the parties or order of the Court.") (internal quotation marks omitted). Torres filed his motion to remand far past the deadline: his case was removed on September 21, 2021, Doc. 1 at 6, and he filed this action on May 20, 2022—approximately 8 months later. Doc. 12. Section 1447(c) is thus not available to him.

## IV.   CONCLUSION

For the reasons stated above, Torres' motion is DENIED. The parties are directed to appear via telephone for an initial pretrial conference on January 17, 2023 at 9:30 a.m. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted. The Clerk of Court is respectfully directed to terminate Doc. 12.

It is SO ORDERED.

Dated:  December 30, 2022
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.