```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HIRAM TORRES,                                               :
                                                            :    21-CV-7865 (RWL)
                              Plaintiff,                    :
                                                            :
             - against -                                    :    ORDER
                                                            :
WESTLEY D. BOYER, JR., ET AL.,                              :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Third-Party Defendant Andrew Dowd's letter motion at Dkt. 58 to stay the instant personal-injury action, or, in the alternative, sever the Third-Party action, in light of the pendency of Dowd's appeal of his conviction for fraud and related charges. Oral arguments were held on the appeal on September 25, 2024. Plaintiff opposes the motion to stay but supports severance. (Dkt. 59.) Defendants/Third-Party Plaintiffs opposes both a stay and severance. (Dkt. 60.)

Dowd's motion to stay is denied. There is some overlap in the issues from the criminal case and the third-party claim for contribution here (i.e., whether Dowd performed unnecessary surgery and engaged in related fraudulent activity vis-à-vis Plaintiff), although the Plaintiff's personal claim in this case was not specifically included in the criminal case. Dowd has been indicted but already convicted; however, he has a pending appeal that, if successful, potentially could result in retrial. Dowd therefore has concern about the potential dilemma between invoking the Fifth Amendment and providing substantive answers in response to questions in the instant civil case. Nonetheless, the

1

fact that Dowd has already been convicted diminishes the likelihood that he will face that dilemma, notwithstanding the pending appeal.

Turning to other interested parties, Plaintiff has an interest in proceeding apace, particularly given that his case, which is still in the discovery phase, has been pending for over three years, and the accident at issue occurred six years ago. Defendants have a similar interest in seeing the case timely resolved. The Court has some interest in avoiding delay, particularly to further the ends of justice in timely resolution of disputes. Other than having an interest generally in an efficient judicial system that timely resolves disputes, the public interest is limited. Taking into account all relevant factors, *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (listing relevant factors), the Court finds, in its discretion, that a stay is not warranted. To the contrary, granting a stay in the circumstances of this case, where the focus is a third-party contribution claim, would be the proverbial tail wagging the dog.

The alternative relief requested, severance, is a closer call. Plaintiff's case could proceed alone, and only if he is successful would Defendants have a basis to then seek contribution from Dowd. Defendants' third-party claim against Dowd arises in part from the same occurrence as Plaintiff's claim insofar as Dowd treated Plaintiff after his accident, although Dowd was not involved in the events leading up to the accident. The facts about Dowd's treatment of Plaintiff are relevant to Plaintiff's purported injuries and damages, resulting in some common witnesses and evidence.

Severance would not prejudice Plaintiff but would pose some prejudice to Defendants/Third-Party Plaintiffs to the extent they have an interest in having their claim against Dowd tried with the Plaintiff's claim to avoid the extra costs of multiple actions and presumably because Dowd's involvement could have an impact on how the factfinder

views Plaintiff's case. Severance would not serve judicial economy unless Plaintiff were not to succeed on liability. Given that Plaintiff's medical treatment already is a subject of the action, maintaining unity would not overly complicate or prolong the case; instead, it largely serves judicial economy by obviating the need for two separate proceedings. Taking into account all relevant factors, *see Hedgeye Risk Management, LLC v. Dale*, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (listing relevant factors), including potential prejudice to Dowd in denying severance as discussed above in the context of the stay request, the Court finds, in its discretion, that severance is unwarranted.

Accordingly, Dowd's application to stay or sever is denied. Dowd's request for additional time to serve his answer is granted. Dowd shall file his answer by October 29, 2024.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2024
      New York, New York

Copies transmitted this date to all counsel of record.